

# FEDERAL PUBLIC DEFENDER

## NORTHERN DISTRICT OF TEXAS

RICHARD ANDERSON
Federal Public Defender

JASON D. HAWKINS
Supervisor, Appellate Section

525 GRIFFIN STREET
SUITE 629
DALLAS, TX 75202

CHARLES BLEIL
LAURA HARPER
CARLTON McLARTY
DOUG MORRIS
JOHN NICHOLSON
SAM OGAN
JOEL PAGE
WILLIAM R. BIGGS
Assistant Federal Public Defenders

PHONE (214)767-2746
FAX (214)767-2886

September 10, 2010

The Honorable Irma C. Ramirez
United States Magistrate Judge
Northern District of Texas
1100 Commerce St., Room 1567
Dallas, TX 75242

Re:    Quintin Lee Alonzo v. Rick Thaler, No. 3:07-CV-399-0-BH

Dear Judge Ramirez:

I have enclosed a copy of the exhibits admitted on behalf of the petitioner at the April 1, 2010 evidentiary hearing before the Court.  See (Evidentiary Hearing Tr. at 244.)  Our records indicate that we sent a copy over to your chambers on August 19, 2010 via hand delivery.  If these did not reach your chambers, I sincerely apologize.  In addition to this physical copy, we will also be electronically filing the exhibits on PACER today.

As I noted to the Court at the hearing, the exhibits themselves were inaccurately labeled as "Defendant's Exhibits;" they should have been labeled as "Petitioner's Exhibits."  I apologize to the Court for any inconvenience this has caused.  Please let me know if there remain any questions or concerns.

Respectfully,

William R. Biggs,
Assistant Federal Public Defender

cc:
John Meador
Assistant Attorney General
Postconviction Litigation Division
300 W. 15th St.
Austin, TX 78701
jon.meador@oag.state.tx.us

COMPLAINANT: GAUNA, SANTOS                          SERVICE #: 439032-K
                                                       FOR DET.:

## INVESTIGATIVE INFORMATION

SUBMITTING OFFICER: BERRY      DATE:

INFO OBTAINED VIA: FOLLOWUP

OBTAINED ON DATE: 6/27/01     AT TIME:

TOPIC: SHOWING OF PHOTO LINEUPS TO WITNESSES

NARRATIVE:

I contacted the following witnesses and showed them photo
lineups of Quintin Alonzo, Licho Escamilla, Juan Escamilla, Jose
Escamilla, and Frank Hernandez, L/M/███████ with the following
results:

1. **Priscilla Rodriguez**, contacted at her residence, ███████
   ████████. Identified the photo of Quintin Alonzo, stating
   that she saw him throwing bottles before the shooting. She
   pointed at Alonzo's photo and said "Him, he was throwing
   bottles before the shooting started."; identified the photo
   of Licho Escamilla as a person she saw shooting at the
   complainant. She pointed at the photo and said "Him,
   that's Licho, he's the one that shot Santos."; identified
   the photo of Juan Escamilla as firing a gun into the crowd.
   She pointed at the photo and stated "That's Licho's
   brother Juan, he was shooting too." I asked her where he
   was shooting, and she stated "He was shooting into the
   crowd."; Tentatively identified the photo of Jose
   Escamilla as possibly being at the party, but she could not
   state for sure if he was or not.

2. **Enrique Rojas**, contacted at this residence, ███████ -
   Identified the photos of Licho and Juan Escamilla as being
   at the party, and Licho arriving at the party in a dark
   colored Cadillac.

3. **Joseph Torres**, contacted at his residence, ███████
   No identification.

4. **Edward Rodriguez**, contacted at his residence, ███████
   ████. No identification.

9032ksgn.rb12

1

Follow up required: Yes        No        Key words:_____

Supervisor Approval: _____
9032ksgn.rb12

DEFENDANT'S
EXHIBIT

CASE
NO.  3:07-CV-399-O

EXHIBIT        1
NO.

Given to DC on 1/16/03

PROSECUTION REPORT

— AUTOPSY REPORT

— PES REPORT    SUPPLEMENT #1

— SWIFS REPORT    6/22/01    BALLISTICS

      "     "    (CORRECTED)  7/16/01    "

— PES REPORT   SUPPLEMENT #4

— SWIFS REPORT    8/25/01    BALLISTIC SUPPLEMENT

      "     "        12/7/01

— PES REPORT   SUPPLEMENT #3

— SWIFS REPORT    7/18/01    DNA

— "     "        9/4/01    DNA (SUPPLEMENT)

— "     "        7/26/01    TRACE (CLOTHING)

— "     "        7/27/01    HANDWASHINGS

— G5  testimony

CARL GRAVES
1/16/03

DEFENDANT'S
EXHIBIT

CASE
NO. 3:07-CV-399-O

EXHIBIT
NO.    2

CAUSE NO. F01-74583

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | CRIMINAL DISTRICT # |
| | § | |
| QUINTIN L. ALONZO | § | DALLAS COUNTY, TEXAS |

**FILED** 2003 JAN 16 PM 4:0 DALLAS CO., TEXAS DISTRICT DEPUTY

## OMNIBUS PRETRIAL MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant in the above styled and numbered cause and files this his Omnibus Pretrial Motion, requesting and pleading the following:

I.

The defendant requests the disclosure of any and all exculpatory and/or mitigatory evidence or evidence favorable to the defendant in any way which the prosecution or any law enforcement agency may have in its possession or in its knowledge of or which it has a duty to inquire concerning this or this case. Brady v. Maryland, 373 U.S. 83 (1963), Ex Parte Adams, 768 S.W.2d 281 (Tex. Cr. App. 1989), and O'Rarden v. State, 777 S.W.2d 455.

II.

The defendant requests an identification hearing outside the presence of the jury.

III.

The defendant requests a sub-rosa hearing prior to the introduction of any statements allegedly made by the defendant, either orally or in writing, to determine the voluntariness and admissibility of them, and requests disclosure of these statements prior to trial. Jackson v. Denno, 378 U.S. 368 (1964).

IV.

The defendant requests the production and disclosure of all physical evidence or tangible items, objects, and matters not the work product of the State which are or may be relevant to the guilt or innocence or punishment of the accused, and which evidence will of may be offered by the state in the trial of this cause. Further, the defendant requests

OMNIBUS PRETRIAL MOTION - Page 1

09

DEFENDANT'S EXHIBIT

CASE NO.   3:07-CV-399-O

EXHIBIT NO.   4

the State to produce, prior to trial, any laboratory reports of expert opinions pertaining to any test conducted at the request of the State of any law enforcement agency on any physical or tangible evidence.

## V.

The defendant requests a list of witnesses who will or may be called by the State either in their case-in-chief or rebuttal at the guilt/innocence phase of the trial or the punishment phase. Highland v. State, 494 S.W.2d 186 (Tex. Cr. App. 1973).

## VI.

The defendant requests a hearing out of the presence of the jury before any evidence of extraneous transactions or evidence of other crimes, wrongs, or acts allegedly committed by the defendant, or reputation testimony, is offered by the State, and further requests notice thereof prior to trial, pursuant to Rule 404(b), Texas Rules of Criminal Evidence.

## VII.

The defendant requests that a shuffle be made of the jury panel.

## VIII.

The defendant requests arraignment out of the presence of the jury.

## IX.

The defendant requests that a complete record be made of the trial, including voir dire, all testimony, bench conferences, and argument of counsel.

## X.

The defendant requests that the State make available to counsel any and all written statements made or adopted by a witness who testifies, and/or any statements used by a witness to refresh his memory as to the events involved in the trial, at such time as the State passes the witness for cross-examination.

## XI.

The defendant requests that counsel for the defendant be permitted to examine the testimony of each witness who testified before the Grand Jury at such time as they are passed for cross-examination, and to be advised, prior to trial, of the names of any

OMNIBUS PRETRIAL MOTION - Page 2

persons who testified in regard to this case at the Grand Jury hearing.   Dennis v. U.S. 855

(1966).

### XII.

The defendant requests a hearing outside the presence of the jury to determine the admissibility of any physical evidence recovered during the investigation of this case and which the District Attorney intends to offer as evidence herein, and would request that the Court suppress this evidence if the Court determines that the evidence was obtained in violation of the United States Constitution or Federal Law of the Constitution or laws of the State of Texas.

### XIII.

The defendant requests that the Court order the State to produce, prior to trial, all criminal records of witnesses that they intend to call to the stand in the trial of this case, and further, to determine and disclose any pending criminal charges that prospective witnesses may have.   Further, The defendant requests that the State disclose to the defendant whether it has made, promised, or implied and promises, benefits, or concessions to any prospective witness in order to induce or influence his testimony, and further to determine and disclose whether any such benefits or inducements have been made to any witness by any law enforcement agency or by any other individual, or whether any individual has coerced, forced, or threatened the witness in any way in order to procure the witnesses testimony.

### XIV.

The defendant requests notice of the State's intent to offer certified documents in evidence in the trial of this case, and requests disclosure of them prior to trial.

### XV.

In the event of conviction, the defendant elects to have the  (Jury) (Judge) assess punishment.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that a hearing be held on this Motion and that the Court order the State to produce the requested items

OMNIBUS PRETRIAL MOTION - Page 3

11

as designated above and permit the defendant to inspect, copy, photograph and conduct any necessary analytical tests on such items.  The items are not privileged and are within the proper scope of discovery be the defendant.

The defendant prays that this motion in all things be granted by the Court.

Respectfully submitted,

CARL HAYS
Attorney for the Defendant
Texas Bar No. 09298600
727 South R.L. Thornton Fwy.
Dallas, Texas 75203
(214)948-3377-Fax (214)337-4752

OMNIBUS PRETRIAL MOTION - Page 4

12

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Omnibus Pretrial Motion has been served upon the Assistant District Attorney of Dallas County, Texas, appointed to the prosecution of this case, on this the 16 day of _____, 2002

Carl Hays

## ORDER

On this_____day of_____, came on to be heard the aforegoing Defendant's Omnibus Pretrial Motions and the court, after due deliberation, finds and orders as follows:

The following requests made by the Defendant are granted:

Paragraphs_____

_____

The following requests made by the Defendant are denied:

Paragraphs_____

_____

OMNIBUS PRETRIAL MOTION - Page 5

13

Scanned Jun 28, 2006          Volume 3 - February 5, 2003                    9

1                          (Wednesday, February 5, 2003)

2                          P R O C E E D I N G S

3        (09:41 a.m.)

4                          THE COURT:  Okay.  Let's arraign the

5        Defendant.

6                          (Defendant being arraigned outside the

7                          presence of the Members of the Jury, by Mr.

8                          Alex.)

9                          THE COURT:  What is your plea, guilty or not

10       guilty?

11                         THE DEFENDANT:  Not guilty.

12                         THE COURT:  Okay.  Let's get this out of the

13       way:  I don't want any comments.  I don't want any eye

14       gestures, any movement, any references, whatsoever, during

15       the course of this trial.  If I find out or I hear or I see

16       something, the person who does it goes to jail.  Okay?  So

17       let's get that out of the way right up front.

18                         All right.  Go ahead.

19                         MR. ALEX:  True Bill of Indictment...

20                         (True Bill of Indictment in Cause No.

21                         F01-74583-L is read aloud to the Defendant,

22                         outside the presence of the Members of the

23                         Jury.)

24                         THE COURT:  What is your plea, guilty or not

25       guilty?

VICTORIA FRANKLIN, OFFICIAL COURT REPORTER 214-6

DEFENDANT'S
EXHIBIT

CASE
NO. 3:07-CV-399-O

EXHIBIT
NO.          5

2   1          THE DEFENDANT:  Not guilty.

2          MR. ALEX:  True Bill of indictment...

3          (True Bill of Indictment in Cause No.

4          F01-74561-L is read aloud to the Defendant,

5          outside the presence of the Members of the

6          Jury.)

7          THE COURT:  What is your plea, guilty or not

8   guilty?

9          THE DEFENDANT:  Not guilty.

10          THE COURT:  Okay.

11          MR. ALEX:  True Bill of Indictment....

12          (True Bill of Indictment in Cause No.

13          F01-74561-L being read aloud to the Defendant,

14          outside the presence fo the Members of the

15          Jury.)

16          THE COURT:  Gentlemen, Do we need a motion for

17   a hearing?  It's my understanding, you-all have come to an

18   agreemeent.  Let's get that on the record.

19          MR. HAYS:  Judge, for purposes of the record,

20   we filed a number of pretrial motions.  I think the State

21   has complied with all.  We've also filed an exculpatory

22   motion.  I've been promised by the State that I would be

23   permitted to review the detective's notebook.  At this

24   point, I have not reviewed that notebook.  But I don't want

25   in any way our exculpatory motion to be waived by reviewing

2

1    the notebook of the detective.  We would still request, if

2    there's any exculpatory evidence, that the State turn that

3    information over to us.

4              In addition, we filed a Motion in Limine

5    requiring -- requesting that the State not be permitted to

6    mention any gang affiliation, prior to the date of this

7    offense.  And I believe the State has agreed to do that.

8         MR. ALEX:  Judge, in response to the

9    exculpatory motion, the State has turned over all the

10   evidence in its possession that was exculpatory.  It has

11   turned over quite a few pretrial items, that were signed off

12   by the Defense lawyer.

13             The offer by the State for the Defense counsel

14   to look at the lead detective's folder was in advance of him

15   testifying.  I anticipate, I will call that detective.  So

16   that we don't hold up the trial, we'll allow counsel to look

17   at it prior to that.

18        THE COURT:  That's fine.

19        MR. ALEX:  It has nothing to do with the

20   exculpatory motion, because I believe everything that's

21   exculpatory has been turned over to counsel.

22             The pretrial motion regarding any gang

23   activity by this Defendant, I think counsel and I have both

24   talked about it and we are not planning on offering any

25   evidence about this Defendant talking to any detectives in

1    the past or anything like that involving gang activity.

2                      However, I think there is some contextual

3    evidence about gang signs being thrown at this party and

4    gang names being shouted at the party, that we do plan to

5    introduce into evidence, probably, through our first

6    witness. And I think we've talked about that part of the

7    evidence. And if we need to have a hearing on it, then I've

8    got my people here to do it.

9                      MR. HAYS:  No.

10                     THE COURT:  Okay.

11                     MR. HAYS:  Judge --

12                     THE COURT:  If it goes any further than that,

13   then approach. I mean, out of an over abundance of caution.

14                     MR. ALEX:  I had a couple of Motion in

15   Limines, as well, Judge, that I have served upon the

16   Defendant.

17                     The first, there was a capital murder

18   defendant that was investigated, in relation to this crime,

19   by the name of Lecho Escamelia. He had a very big trial

20   that was in the media. And my Motion in Limine goes

21   specifically toward any mentioning of that trial in this

22   trial. We think that it is -- it's definitely not relevant

23   to this trial, what happened in that trial. And any

24   character evidence to Lecho Escamelia in this trial, before

25   it being elicited, we would like for counsel to approach,

Scanned Jun 28, 2006

2

3

1   because we think it would be highly prejudicial to the

2   State's case.

3           THE COURT:  Okay.

4           MR. ALEX:  There was a Notice of Extraneous

5   given to the Defense on gang activity by the Defendant, that

6   we've talked about.  And then there is also a notice of

7   certified records, medical records, that have been placed in

8   the file, Judge.  And the only other issue would be

9   character evidence of the Defendant, eliciting through any

10  of the State's witnesses, the Defendant has never been

11  convicted or any character evidence of his lack of a

12  criminal record through any of the State's witnesses.  We

13  have a Motion in Limine regarding that.

14          THE COURT:  Again, if that's something that

15  comes up, and we feel a need -- you feel need to approach,

16  then let's come to the bench and we'll talk about it.

17          MR. HAYS:  Okay.

18          THE COURT:  Okay.  Anything else?

19          MR. ALEX:  State's ready, Judge.

20          MR. HAYS:  Defense is ready.

21          THE COURT:  Any opening statements?

22          MR. ALEX:  Yes, sir.

23          THE COURT:  Are you going to reserve or will

24  you open, as well?

25          MR. HAYS:  We will reserve.

**Scanned  Jun 28, 2006**                Volume 3 - February 5, 2003                22

```
 1            Ladies and Gentlemen of the Jury, the evidence
 2   in this case will come from all different sources.  It will
 3   come from live witnesses.  It will come from expert
 4   witnesses.  It will come from DNA.  But there's really going
 5   to be only one question in front of you, and that's going to
 6   be on identity.  I expect that witnesses will take the stand
 7   and tell you that they saw other people out there shooting.
 8   And that's not going to be disputed.  But the evidence will
 9   be clear that the other people out there that were shooting
10   left shell casings from nine-millimeter handguns, after the
11   Defendant had committed this offense.
12            At the end of this trial, we're going to ask
13   you to find him guilty on all three counts:  the two
14   aggravated assaults and murder.  Thank you.
15            THE COURT:  Call your first witness.
16            MR. ALEX:   The State calls Israel Martinez.
17               ISRAEL MARTINEZ,
18   the witness hereinbefore named, having been duly sworn by
19   the Court, testifies under oath as follows:
20                DIRECT EXAMINATION
21   BY MR. ALEX:
22       Q.  State your full name for the court, please.
23       A.  Israel Martinez.
24       Q.  Okay.  Israel, spell your last name for the Court
25   Reporter.
```

VICTORIA FRANKLIN, OFFICIAL COURT REPORTER 214-653-5943

COMPLAINANT: **Gauna, Santos**                              SERVICE #: **439032-K**
                                                            FOR DET. :

## INVESTIGATIVE INFORMATION

SUBMITTING OFFICER: **Perez**     DATE: 4-11-07

INFO OBTAINED VIA: **Phone**

OBTAINED ON DATE:   **4-11-07**    AT TIME:


TOPIC: **Possible Witness**

NARRATIVE:

On April 9,2007, Sgt.Neby, contacted the office and stated that they had received a telephone call from ALEXANDRA RODRIQUEZ, Ph.#214-734-7209, who had information on the murder of Santos Gauna, Service #439032-K. She told Det.Waller #6736, that she and her sister, had witnesses the murder and that Lecho Escamilla committed the murder and not Quintin Alonzo.

The case file was reviewed and suspects Quintin Alonzo had been filed on and arrested for this offense. David Alex, prosecutor with the D.A.'s office was contacted and he stated that this information was brought up during the trial. He stated that they were aware that Ms.Presilla Rodriquez had information on the case but he stated that the complainant's father had identified Quintin Alonzo as the suspect who had shot him and the complainant. He said that there was information that Lecho Escamilla was at the party but there was no evidence that he was the shooter. He stated that this information was probably coming from the suspect's family.

2

Follow up required: Yes        No        Key words: _____

Supervisor Approval: _____
Document2

**DEFENDANT'S EXHIBIT**

CASE NO.   3:07-CV-399-O

EXHIBIT NO.        6

| From: | Neby, Mark | Sent: | Mon 4/9/2007 5:17 PM |
|---|---|---|---|

**To:** Perez, Armando

Waller, George; Kirkpatrick, Gary; Whitaker, Dana

**c:** Homocide 439032-K

**Attachments:**

Det Perez,

On Mon April 9, 2007 Alexadra Rodriguez L/F/2-27-84 (phone  214.734.7209) called NW Inv and spoke to Det. Rick Waller #6736 (phone 670-6053).  She told Det. Waller  she and her sister witnessed the murder of Santos Gauna in June 2001. She stated that Lecho Escamilla committed the murder.  She said she recently learned that Quintin Alonzo was in jail for this homocide.  She told Det. Waller she is now bothered by this and wants to speak to a Detective ASAP.

Escamilla is the suspect who shot NW officer Chistopher James # 7154.    She did not mention knowing this info.

Plse call us if we can do anything for you.  Thnx.

Mark A. Neby  #4753
Sergeant of Police
Investigative Unit
Northwest Patrol Division
Dallas Police Department
Desk: 214.670.6699
Fax:  214.670.6221



THE STATE OF TEXAS §
COUNTY OF DALLAS §

BEFORE ME, <u>Ross A. Salverino</u>, a Notary Public in and for said County, State of Texas, on this day personally appeared, **Priscilla Rodriguez L/F/032985**, who, after being by me duly sworn, on oath deposes and says:

I was attending a party at 3031 Clymer St. at about 1:00 am on June 9, 2001, my friend Thomas, my sister Alexandria, and I had gone to the store and when we got back we were outside and another friend, Jesse Baron, came up to us and said come on fool lets go they are getting ready to have a shootout. Jesse and Thomas left and me and my sister went back inside the house to the party. After about 5 minutes I saw people running to the back of the house toward the garage. It was dark outside but I was able to see a guy run to the front yard and start shooting. He shot Santos and everybody else. I saw Santos get shot and fall to the ground. The man shooting appeared to be a latin male about 17 yrs. old about 5'6' wearing a shirt draped over his shoulders and a baseball cap, it appeared he had a "fade" hair cut. He ran to a blue 1996 to 1999 Cadillac 4 door. I ran toward Santos and laid down and held him until the ambukance arrived. There were Vagos and Westside gang members and people from Oak Cliff and M and D members from Ledbetter at the partyXXXXXXXXXXXXXXX

*Priscilla Rodriguez*
Affiant
3303 Clymer St.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 09 DAY OF June A.D. 2001

Notary Public, Dallas County, Texas

ROSS A. SALVERINO
Notary Public, State of Texas
My Commission Expires
03/24/2005

DEFENDANT'S EXHIBIT

CASE NO. 3-07-CV-399-O

EXHIBIT NO. 7

RECEIVED
NOV 11 2002

# OPEN RECORDS REQUEST FORM

OPEN RECORDS REQUEST
# 2002-3585

DATE: _11-11-02_

NAME: _Julie A Atonzo Vazquez_

ADDRESS: _5012 Darwin St_

CITY, STATE & ZIP CODE: _Dlls Tx 75211_

PHONE NO: _(214) 467-7804_

Nov = 15

TO: CHIEF TERRELL BOLTON
    DALLAS POLICE DEPARTMENT

Sir,

    Under the Public Information Act, I request copies of the following:

### (PLEASE PRINT)

_Would like complete report_

_Service #'S_
    _#043994 41-K_
    _#0439032-K_
    _#043994 45-K_

              _Thank you_

Sincerely,

_Julie Vazquez_

DEFENDANT'S EXHIBIT

CASE NO. 3-07-CV-399-O

EXHIBIT NO. 10

# Dallas Police Department
## Records Section
## Open Records Unit
### Invoice Receipt

*Log Number*     2002-3585                           *Invoice Date*     12/03/2002

*Invoice Number*     05530

*Requestor*

Julie Vazquez
5012 Darwin Street
Dallas, Tx 75211

| Quantity | Item | Cost | Extended Cost |
|---|---|---|---|
| 19 | Arrest / Prosecution Report | $0.10 | $1.90 |
| 23 | Offense Report | $0.10 | $2.30 |

*Invoice Sub Total*     $4.20

*Overhead Charge*     $0.00     *Amount Paid*     $0.00

*Invoice Total*     $4.20     *Balance Due*     $4.20

*Date Released:*  12-3-02     *By:* _____

*Received By:*  Julie Vazquez     *Paid:* _____

12/03/2002 9:17:42 AM                Page 1 of 1

**DEFENDANT'S EXHIBIT**

CASE NO. 3:07-CV-399

EXHIBIT NO. 11

Ms. Joanne Medina
1500 Kimili Ct.
Irving, Texas 75060
WK (214) 905-6316
Cell (469) 363-6208

RECEIVED

APR 1 5 2004

April 15, 2004

OPEN RECORDS REQUEST
# 2004-1649

Dallas Police Department
Attn: Open Records Custodian
2014 Main St. Room 506
Dallas, Texas 75201
(214) 671-3345

Apr 10  13 31

RE:    Texas Public Information Act/ F.O.I.A. —Request

Dear Records Custodian,

        I herewith request pursuant to Texas Government Code §§552.021 and 558.014
(West 1994 & Supp. 2004); clear copies of [all] Civil Service Personnel and training files
for Dallas Homicide Detective: Rick Berry Badge # 6122. Such records should be in
accordance to the above/below-listed statutes, as well as the holdings within City of Fort
Worth v. Cornyn, 86 S.W. 3d 320(Tex.App.-Austin 2002) , and should also include [any]
misconduct report and /or suspension records; employment applications during his time
of employment with said Department, or any other known agency. Please certify copies
of the above request information.

        This request falls under the Texas Public Information Act, deified as V.T.C.A.
Government Code §552.00 et. seq., enacted under Texas Senate Bill 1851 and Texas
House Bill 156, as well as the Texas Constitution and the American Freedom of
Information Act, codified as Title 5 U.S.C. §552 et. seq.

        I look forward to your response to the above address/telephone numbers provided
within ten(10) working days, as explicitly mandated under said Acts, and would further
request and itemized price listing for copies of the file[s] if the total price exceeds that of
$50.00 U.S. Dollars.

        If you have any questions or matters to discuss concerning this request please feel
free to contact me at the above address/telephone numbers at any time.

                        Sincerely

                        Joanne Medina

                        Joanne Medina

DEFENDANT'S
EXHIBIT

CASE
NO.   3:07-CV-399-O

EXHIBIT
NO.        12

# Dallas Police Department
## Records Section
## Open Records Unit
### Invoice Receipt

Log Number    2004-1649

Invoice Date    04/23/2004

Invoice Number    11733

Requestor

Joanne Medina
1500 Kimili Ct.
Irving, Tx 75060

| Quantity | Item | Cost | Extended Cost |
|---|---|---|---|
| 4 | Personnel Time | $18.75 | $75.00 |
| 648 | Sheet Copy | $0.10 | $64.80 |
| 1 | Affidavit | $5.00 | $5.00 |

| | | | |
|---|---|---|---|
| Invoice Sub Total | $144.80 | | |
| Overhead Charge | $15.00 | Amount Paid | $155.00 |
| Invoice Total | $159.80 | Balance Due | $4.80 |

### Payment Details

| Date Paid | Amount Paid | Type Payment | Check No. |
|---|---|---|---|
| 05/05/2004 | $155.00 | Check | 8548 |
| | $155.00 | Total Amount Paid | |

DEFENDANT'S
EXHIBIT

CASE
NO.   3:07-CV-399-O

EXHIBIT
NO.   13

Date Released:   5-5-04    By:   Z Hammond

Received By:   Julie Vigil                    Paid:   155-00   Ck
                                                          CASH

5/5/04 1:54:02 PM              Page 1 of 1

159-80