# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-10848
USDC No. 3:07-CV-399

QUINTIN LEE ALONZO,

                            Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                            Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas

O R D E R:

    Quintin Lee Alonzo, Texas prisoner # 1158688, was convicted by a jury of one count of murder and two counts of aggravated assault. He was sentenced to life in prison. The district court dismissed his 28 U.S.C. § 2254 application after concluding that some of his claims were procedurally defaulted and that the remaining claims lacked merit. His motion for leave to file a supplemental brief is GRANTED.

    Alonzo seeks a certificate of appealability (COA) so that he may bring an appeal raising claims that the district court wrongly determined that he failed to exhaust and procedurally defaulted his claims that the prosecution committed misconduct by knowingly eliciting false testimony and that his trial counsel

Case: 11-10848　Document: 00511912113　Page: 2　Date Filed: 07/06/2012
Case 3:07-cv-00399-O   Document 101   Filed 07/17/12   Page 2 of 3   PageID 1228

No. 11-40848

rendered ineffective assistance by failing to challenge the introduction of false testimony. He also argues that his trial counsel rendered ineffective assistance by failing to call at trial a number of potentially exculpatory witnesses. While Alonzo raised other claims in his § 2254 application, he has abandoned them by not raising them in his instant motion for a COA. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1989).

A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied federal habeas relief based upon procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If a district court denies federal habeas relief on the merits, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* Alonzo has not met these standards.

Alonzo's motion for a COA is DENIED.

/s/ EDITH BROWN CLEMENT  
EDITH BROWN CLEMENT  
UNITED STATES CIRCUIT JUDGE

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

July 06, 2012

Ms. Karen S. Mitchell  
Northern District of Texas, Dallas  
United States District Court  
1100 Commerce Street  
Earle Cabell Federal Building  
Room 1452  
Dallas, TX 75242



RECEIVED  
BY  
JUL 17 2012  
CLERK, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF TEXAS

No. 11-10848, Quintin Alonzo v. Rick Thaler, Director  
        USDC No. 3:07-CV-399

Enclosed is a copy of the judgment issued as the mandate.

Record/original papers/exhibits are returned:

( ) Volumes    ( ) Envelopes ( 2 ) Boxes

The electronic copy of the record has been recycled.

(2) Boxes  
6-Volumes  
SCP

Sincerely,

LYLE W. CAYCE, Clerk

By: _____  
Steve A. Totora, Deputy Clerk  
504-310-7667

cc w/encl:  
    Honorable Reed Charles O'Connor  
    Mr. William Reynolds Biggs  
    Mr. Peter Samuel McGuire  
    Mr. Jon Rodney Meador