IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINTIN LEE ALONZO, ) | | |
| ID # 1158688, ) | | |
|     Petitioner, ) | | |
| vs. ) | No. 3:07-CV-0399-O (BH) | |
| ) | | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *60(B) Motion to Reopen Habeas Case*, received on December 17, 2013. (doc. 103). The motion should be construed as a new second or successive habeas petition, opened as a new habeas case, and transferred to the Fifth Circuit.

**I. BACKGROUND**

Quintin Lee Alonzo (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a federal habeas petition on March 2, 2007, challenging his state court conviction for murder. His petition asserted that: (1) the prosecution committed misconduct by eliciting false testimony at trial; (2) his due process rights were violated because he was prevented from presenting evidence of another's guilt; (3) he is actually innocent of murder; (4) the evidence to support his conviction was insufficient; and (5) his trial counsel was ineffective in numerous respects. (doc. 1 at 8-21). Petitioner's federal habeas case was stayed and abated so that he could exhaust certain claims in state court. (*See* doc. 18). After he exhausted his state court remedies, Petitioner successfully moved to re-open the case, and an

evidentiary hearing was held.  (*See* docs. 22, 63, 66).

On March 14, 2011, it was recommended that the Court find that Petitioner had overcome a procedural bar with respect to his prosecutorial misconduct and ineffective assistance of counsel claims, that relief be granted on the prosecutorial misconduct claim, that the due process claim be dismissed as procedurally-barred, and that the remaining claims be denied on their merits. (*See* doc. 84 at 21-29, 32-34, 46-47).  On August 28, 2011, the Court adopted the recommendations that the due process claim be dismissed, and that the actual innocence, sufficiency of the evidence and ineffective assistance of counsel claims be denied on their merits.  It declined to adopt the recommendation that relief be granted on the prosecutorial misconduct claim and dismissed that claim as both procedurally barred and without merit.  (*See* doc. 90 at 25-26).  The Court entered judgment dismissing the habeas petition with prejudice that same day.  (*See* doc. 91).

In his Rule 60(b) motion, Petitioner asserts that relief from judgment should be granted because a recent Supreme Court case, *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013), held in part that in certain circumstances, a procedural default will not bar a federal habeas court from hearing a claim that trial counsel was ineffective. (doc. 103 at 9-11).

## II.  RULE 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment

2

prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). In *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007). The Fifth Circuit has clarified that a motion for relief from judgment that challenges a district court's determination that a claim was procedurally barred should not be construed as a successive habeas petition, however. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.2012) (holding that a Rule 60(b) motion challenging a previous determination that an ineffective assistance of counsel claim was procedurally barred is not a successive habeas petition); *see also Diaz v. Stephens*, 731 F.3d 370, 374-75 (5th Cir. 2013) (reviewing the denial of a Rule 60(b) motion that argued that a procedurally barred ineffective assistance of counsel claim should be re-opened pursuant to *Trevino v. Thaler*).

Here, Petitioner asserts that he is seeking to re-open a procedurally barred ineffective assistance of counsel claim that may now be considered on its merits pursuant to *Trevino v. Thaler*. (doc. 103 at 10-11). His ineffective assistance of counsel claims were not determined to be procedurally barred, however, but were instead denied on the merits. Petitioner is therefore challenging the Court's previous resolution of a claim on its merits, and his Rule 60(b) motion is essentially a successive habeas petition.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

3

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### IV. RECOMMENDATION

Petitioner's Rule 60(b) motion should be construed as a new but second or successive habeas petition, opened as a new habeas case, and **TRANSFERRED** to the United States Court of Appeals

4

for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 7th day of January, 2014.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5